HEIRS OF AMADOR TRÍAS SILVA, Plaintiffs and Appellees, *v.* PORTO RICO LEAF TOBACCO Co. ET AL., Defendants and HEIRS OF MODESTO MUNÍTIZ, Defendants and Appellants.

No. 8256. Argued June 17, 1941.—Decided July 22, 1941.

*Luis Muñoz Morales* and *J. Vilá Ruiz* for appellants. *Antonio J. Amadeo* for appellees.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The Heirs of Modesto Munítiz took the present appeal from a judgment whereby the defendants, except the Porto Rico Leaf Tobacco Co., were adjudged to pay jointly and severally (*solidariamente*) to the plaintiffs-appellees the sum of $5,000 as attorney's fees.

The other defendants failed to appeal.

It is claimed by the appellant heirs that it was error for the court *a quo* to tax them with attorney's fees as they were not obstinate in opposing the claims of the plaintiffs, and that, should this court hold that they were obstinate (which they refuse to admit), the sum allowed as attorney's fees is excessive.

As properly urged by the appellants, the granting of attorney's fees depends solely on the existence of obstinacy on the part of the party against whom the judgment has been rendered, although in fixing the amount of such fees there should be taken into account, besides the degree of guilt in the litigation, the work necessarily done by the attorney for the adverse party, and in connection with it there must be considered the nature of the litigation, the questions involved, the duration of the trial, the professional standing of the attorneys for both parties, and the amount in controversy.

As alleged in the complaint and as found by the trial court, on May 11, 1896, Amador Trías Silva constituted a mortgage in favor of Modesto Munítiz upon a rural property located in the municipal district of Cayey to secure a loan for 12,496 pesos, provincial currency. This mortgage was assigned by Munítiz to the Porto Rico Leaf Tobacco Co. by a deed executed on December 14, 1906. On the 20th of the following April, the holder of the mortgage credit sought to collect the same by instituting a foreclosure proceeding in

the District Court of Guayama. However, as the then judge of said court was disqualified to take cognizance of the proceeding, by reason of the provisions of paragraph 2 of Section 23 of the Code of Civil Procedure, he ordered the case to be removed to the District Court of San Juan, which, notwithstanding the property in question was located in the Guayama district, assumed jurisdiction and issued the demand for payment. Although defendant Amador Trías Silva had died in Cayey on September 22, 1900, the marshal of the District Court of San Juan served the writ demanding payment and certified that on July 12, 1907, he had made demand for payment personally on Amador Trías at his domicile in San Juan. Subsequently, an order for the foreclosure sale was issued which was executed by the marshal of the District Court of Guayama by selling the property at public auction for $2,000 to Modesto Munítiz. The latter afterwards sold it to Saturnino Pabón who then sold it to Manuel González Martínez who, in his turn, sold a forty-acre (*cuerda*) parcel from it to Manuel Pérez Díaz and the remainder to Baltasar Mendoza. In this way the property was successively conveyed until it came into the possession of those against whom the present action was brought.

That the District Court of San Juan was without jurisdiction to take cognizance of the foreclosure proceeding is clear. Not only did it lack jurisdiction of the subject matter, but even if it were otherwise, it failed to acquire jurisdiction over the person of the defendant who is said to have been served personally with the demand for payment seven years after his death. This latter defect, of course, did not appear of record, but the nullity of the proceeding for want of jurisdiction of the subject matter did so appear, for, when recording the marshal's deed in the name of Modesto Munítiz, there was stated the name of the court that had taken cognizance of the case and had ordered the sale of the property in question, which appeared to have been recorded in

the municipal district of Cayey, within the judicial district of Guayama.

Several years after the sale at public auction had taken place, the plaintiffs, Heirs of Amador Trías, brought a re-vendicatory action for the recovery of the property of which they had been unlawfully deprived, and claimed the fruits produced by it and appropriated by its successive possessors. The appellants stubbornly opposed the action, denying in their answer the facts, alleged in the verified complaint, whose existence appeared from public records and many of which should have been known to them from personal knowledge.

The fact that through a manifest error of law the court should have originally dismissed the complaint, thus giving rise to a reversal of the judgment (*Heirs of Trías* v. *Porto Rico Leaf Tobacco Co.*, 50 P.R.R. 88) and the holding of a new trial, which the appellants failed to attend, and which terminated by a judgment wherein attorney's fees were allowed, is no obstacle to considering the appellants as having been guilty of obstinacy, especially when account is taken of the manifest nullity of the foreclosure proceeding and of the justice of the claim.

We agree, however, with the appellants that an award of $5,000 for attorney's fees is excessive, having regard to the amount in controversy and to all the other elements that must be considered when fixing the amount of such fees. The plaintiffs themselves in their revendicatory action estimated the property to be worth $7,200 and, although fruits were claimed, this latter item was stricken out for want of any evidence to support the same. Taking into account all of the above facts, we think that an award of $1,000 would be reasonable.

From the foregoing, and in view of Section 339 of the Code of Civil Procedure, as amended by Act No. 69 approved May 11, 1936 (Sess. Laws, p. 352), the pronouncement as to attorney's fees made by the lower court in its judg-

ment of April 22, 1940, is modified and the amount thereof reduced from $5,000 to $1,000, and as so modified, the judgment is affirmed.